IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-509-JED-PJC |
| v. ) | |
| ) | |
| PAETEC COMMUNICATIONS, INC. ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The Court has for its consideration the motion to remand (Doc. 8) filed by plaintiff, Donald Rose, seeking to remand this action to the Tulsa County District Court, where it was commenced.

**I.    Background**

Plaintiff initiated this action by filing a Petition in state court on July 2, 2012, asserting claims for disability discrimination, race discrimination, and intentional infliction of emotional distress. (Doc. 2-4 at 1-6). Defendant, Paetec Communications, Inc., was served with the Petition on July 9, 2012. Defendant removed the action on September 11, 2012 by filing its Notice of Removal (Doc. 2). Plaintiff asserts that removal was untimely under 28 U.S.C. § 1446(b), because the Notice of Removal was filed more than 30 days after defendant's receipt of the Petition containing plaintiff's claims. In response, defendant argues that (1) the Petition did not state a case that was removable, and (2) defendant's removal was timely as it was filed within 30 days of defendant's receipt of plaintiff's discovery responses, which itemized certain damages and for the first time stated that plaintiff seeks reinstatement to employment.

Plaintiff does not assert in its motion that the Court lacks subject matter jurisdiction. Rather, the only basis asserted for remand is untimeliness.

## II.     Discussion

### A.     Existence of Diversity Jurisdiction

A case must be remanded to state court if, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Defendant removed this action on the basis of diversity jurisdiction. Diversity jurisdiction requires diversity of citizenship and an amount in controversy exceeding $75,000 (exclusive of interest and costs). 28 U.S.C. § 1332(a). In order to effect proper removal based upon diversity jurisdiction, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). In addition, the Tenth Circuit has provided guidance to district courts regarding the analysis to be undertaken in determining the amount in controversy:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "*underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]."

*Id.* (emphasis in original) (citations omitted). Where the face of the initial pleading does not affirmatively establish the requisite amount in controversy, *Laughlin* requires that the removing defendant set forth in the notice of removal the facts supporting defendant's allegation that the amount in controversy exceeds $75,000. *See id.* The defendant must make its showing of the existence of diversity jurisdiction by a preponderance of the evidence at the time of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

In this case, the existence of diversity is undisputed, as plaintiff is a resident of Tulsa, Oklahoma, and defendant is incorporated in Delaware with its principal place of business in Arkansas. With respect to the amount in controversy, the Petition seeks relief including actual

2

damages and punitive damages *below $75,000*, unspecified amounts for back pay and lost benefits, compensatory damages for mental anguish, pain and suffering, and "injunctive relief." (Doc. 2-4 at 6). In its discovery responses, which defendant included as exhibits to the Notice of Removal, plaintiff also *denies* that (1) "the aggregate amount of damages [he is] seeking in this matter, excluding attorney fees, costs and expenses, exceeds $75,000" and (2) the total amounts he seeks for back pay and lost benefits, front pay, compensatory damages, and punitive damages exceeds $75,000. (Doc. 2-4 at 29). However, in the discovery responses, plaintiff itemized damages to include $40,608 for lost wages, $20,000 for compensatory damages, $5,000 to date for attorney fees, and requested "injunctive relief in the form of reinstatement." (Doc. 2-4 at 28).

In its Notice of Removal, defendant set forth in detail the facts and evidence supporting diversity jurisdiction. (*See* Doc. 2). Specifically, defendant asserts that the amount in controversy exceeds $75,000, as is required for diversity jurisdiction, and includes a declaration of the director of benefits whose duties include administering benefits for defendant's employees. (Doc. 2-2). In that declaration, defendant's director of benefits states that plaintiff's annual salary was $33,540.40 at the time his employment ended and the value of benefits to plaintiff if reinstated (and the cost of those benefits to defendant), would be at least $5,555.34 annually. (Doc. 2-2 at ¶¶ 4-6). Plaintiff has not disputed that evidence. When the plaintiff's identification of damages (totaling at least $60,608, not including attorney fees, punitive damages, and other unquantified categories of alleged damages) and the cost of reinstatement to employment (in excess of $39,000 annually) are considered, the amount in controversy established by the Notice of Removal well exceeds $75,000.

The value of "nonmonetary relief" is appropriately considered in the amount in controversy analysis. *See* 28 U.S.C. § 1446(c)(2)(A)(i). Of particular relevance here, other

3

courts have included the value of reinstatement when considering the amount in controversy. *See, e.g., Gable v. MSC Waterworks Co., Inc.*, 12-CV-47-CVE, 2012 WL 1118980, at \*\*4-5 (N.D. Okla. Apr. 3, 2012) (denying motion to remand upon including annual value of reinstatement in amount in controversy analysis); *Estes v. Accretive Health, Inc.*, No. 10-10858, 2010 WL 3504528, at \*\*2-3 (E.D. Mich. Sept. 7, 2010) (denying motion to remand after considering the plaintiff's request for reinstatement where annual salary and damages would exceed $75,000); *Fetters v. United Parcel Serv., Inc.*, No. 06-CV-542, 2006 WL 2375493, at \*2 (S.D. Ind. Aug. 16, 2006) ("In evaluating the amount in controversy requirement under 28 U.S.C. § 1332, the court may not ignore the request for reinstatement."); *Leslie v. Banctec Serv. Corp.*, 928 F. Supp. 341, 349 (S.D.N.Y. 1996) (noting reinstatement would be worth thousands of dollars after considering evidence of annual salary).

Accordingly, the Court finds that defendant has established, by a preponderance of the evidence, the requisite amount in controversy and the existence of diversity jurisdiction. Having determined that the Court has subject matter jurisdiction, the next issue is whether defendant's removal of this action was timely.

**B.     Timeliness of Removal**

Defendant asserts that removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because defendant "first learned of plaintiff's damages calculations, and first learned that plaintiff was seeking reinstatement to his former position, upon receiving" plaintiff's discovery responses. (Doc. 2 at 3; *see also* Response to Plaintiff's Motion to Remand, Doc. 10). The Court agrees.

Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal shall generally be filed within 30 days after the defendant's receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." However, "if the case stated by the

4

initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable*." 28 U.S.C. § 1446(b)(3) (emphasis added). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in . . . responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

It is undisputed that plaintiff's first specification of dollar amounts of certain damages and first reference to "reinstatement" were contained in the discovery responses. Those were mailed to counsel for defendant on August 15, 2012. Defendant filed its Notice of Removal on September 11, 2012, and therefore timely removed within 30 days after receipt of those responses referring to an amount of damages of at least $60,608, plus other unspecified damages and "reinstatement," the value and cost of which defendant has established push the amount in controversy well beyond $75,000.

Plaintiff asserts that his discovery responses "did not provide any information to defendant . . . that was not pled in [the] Petition on July 2, 2012." (Doc. 8 at 2). In fact, the Petition merely referred to "injunctive relief" without specifying the form of injunctive relief that was sought. In contrast, plaintiff's discovery responses informed defendant for the first time that the "injunctive relief" plaintiff seeks is "*in the form of reinstatement*." (Doc. 2-1 at 4) (emphasis added). The Court finds that the reference to reinstatement in the discovery responses started the defendant's 30 day clock to remove the action under § 1446(b)(3).

In this Circuit, in order to trigger the defendant's 30 days to remove under § 1446(b), the right to remove must be clearly determinable from the initial pleading. *Akin v. Ashland Chem.*

5

*Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998). Otherwise, the time does not start until the defendant's receipt of some other paper which provides "clear and unequivocal notice" of removability. *Id.* at 1036. In *Akin*, the Tenth Circuit rejected the plaintiffs' argument that the removal was untimely, because the petition "did not provide unequivocal notice of the right to remove, and . . . the first clear notice of removability was given in answer to an interrogatory." *Id.* at 1035. Citing a prior decision, the court noted that "ascertained" as used in § 1446(b) "means a statement that 'should not be ambiguous' or one which 'requires an extensive investigation to determine the truth.'" *Id.* (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). Summarizing its ruling on timeliness, the Tenth Circuit stated:

> We disagree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist. Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to interrogatory.

*Akin*, 156 F.3d at 1036 (emphasis in original).

As in *Akin*, the plaintiff's petition in this case did not provide clear and unequivocal notice of removability. That clear and unequivocal notice arrived on August 15, 2012 when plaintiff served his discovery responses itemizing some damages and stating, for the first time, that plaintiff seeks reinstatement. Defendant's Notice of Removal, filed 27 days later, was timely under 28 U.S.C. § 1446(b)(3).

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Doc. 8) is **denied**.

**IT IS SO ORDERED** this 31st day of January, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE